United States District Court
Southern District of Texas
**ENTERED**
December 10, 2015
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ULYSSES A PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-409 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS ACTION**

This civil rights action was filed by a Texas state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless of whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott,* 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that this action be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1), and further, that this action be counted as a "strike" for purposes of 28 U.S.C. § 1915(g).

## I.  JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned United States Magistrate Judge for pretrial management and furnishing the District Court with a memorandum and recommendation on all dispositive motions pursuant to 28 U.S.C. § 636(b) and Special Order C-2013-01.

## II.  BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently confined at the McConnell Unit (MCU) in Beeville, Texas.  He filed this civil action on September 24, 2015, alleging that Defendants had wrongfully charged him with a disciplinary case, for which he was later denied parole.  (D.E. 1).  He named the following individuals as Defendants: (1) William Stephens, TDCJ-CID Director; (2) MCU Sergeant Darren S. Mayer; (3) Temple Ramming, Plaintiff's defense counsel; (4) MCU Captain Strolli; (5) Rissie Owens, Texas Board of Pardons and Paroles, in Austin, Texas; (6) Officer Israel Briones, Jr., Office of the Inspector General (OIG); (7) OIG Officer Mark Bowers; and (8) Julie Morales, Parole Agent, in San Antonio, Texas.  *Id.* at 3-4.

On October 19, 2015, Plaintiff filed affidavits (D.E. 9) in which he named the following additional Defendants: (9) Don Offerman, OIG Investigator; (10) Albert Hernandez, Special Prosecutor; (11) Jose Aliseda, Bee County District Attorney; (12) MCU Captain Benavides, Disciplinary Hearing Officer; (13) MCU Major Barber; (14) Mr. Martinez, Investigator for State Counsel for Offenders; (15) Ms. Bryant, Counsel Substitute; (16) (17) John Does 1 and 2, Board Members of the Texas Board of Pardons and Paroles; (18) John Doe MCU Grievance Investigator; and (19) MCU Warden.[1]

On October 21, 2015, a *Spears*[2] hearing was conducted. The following allegations were made in Plaintiff's original complaint (D.E. 1), affidavits (D.E. 9), additional documents (D.E. 10, 11), or at the hearing:

Plaintiff is in the TDCJ-CID serving a thirty-five year sentence on two counts of aggravated robbery.

On July 21, 2012, Plaintiff was housed at the MCU and was living in a 2-man cell. (D.E. 9-1, p. 1). Sergeant Mayer entered Plaintiff's cell and announced that it was "shake-down time," meaning the cell was to be searched. Sergeant Mayer claimed that Plaintiff was holding a black cell phone in his hand when he arrived and that Plaintiff tried to take the phone apart once ordered out of his cell. (D.E. 9-1, p. 11-12). Captain Strolli arrived on the scene and ordered that Plaintiff be placed in handcuffs. (D.E. 9-1, p. 2). Plaintiff denied any knowledge of the cell phone; however, he was charged with

---

[1] Plaintiff did not identify the MCU Warden by name in his pleadings.
[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

possession of contraband. In addition, the disciplinary case was written as an "Offense Code 10," meaning that it could also be charged as a state felony.

Plaintiff was appointed counsel substitute, Defendant Bryant, to represent him at the disciplinary hearing which was held on July 23, 2012. Defendant Captain Benavidez presided as the Disciplinary Hearing Officer (DHO). Captain Benavidez found Plaintiff guilty of possession of the cell phone and as punishment, Plaintiff lost 365 days earned good time credits, 45 days loss of recreation, and 45 days loss of commissary. Plaintiff appealed his disciplinary conviction, but he never received a response to his Step 1 grievance. Plaintiff did not file a § 2254 habeas corpus petition challenging his disciplinary conviction.

In January 2014, the Texas Board of Pardons and Paroles ordered Plaintiff to take certain rehabilitation classes and was told that, upon completion, he would be released to parole. Plaintiff completed the classes and was scheduled to be released.

On August 21, 2014, Plaintiff was indicted for possession of a cellular telephone in prison in violation of Texas Penal Code, § 38.11(j) (Vernon 2009), a third degree felony, in Cause No. B-14-M027-0-PR-B, in the 156th Judicial District Court, Bee County, Texas. Plaintiff was appointed Temple Ramming, an attorney with the State Counsel for Offenders, to represent him in the criminal action.

In September 2014, Plaintiff was notified that his parole had been denied because of the indictment/pending state court criminal action.

By letter dated September 24, 2014, Mr. Ramming informed Plaintiff that he could not assist him with his parole being denied, but that he was waiting to receive an offer

from the prosecutor in his criminal case. (D.E. 9-1, p. 11). Mr. Ramming also advised Plaintiff that he had received some discovery from the prosecution, and although he could not send a "hard" copy to Plaintiff, he could summarize the evidence, which he proceeded to do. (D.E. 9-1, pp. 11-12).

In September 2014, Plaintiff met with an investigator with the State Counsel for Offenders, Mr. Martinez. (D.E. 9-1, pp. 7-8). Mr. Martinez asked Plaintiff for a statement to help with his defense, and in response, Plaintiff asked for a copy of the I-210 form charging him with the disciplinary case. (D.E. 9-1, p. 7). Mr. Martinez appeared confused, left, and then returned with a hand-written copy with no letterhead of the charging document, and Plaintiff did not know if Mr. Martinez was manipulating him. (D.E. 9-1, p. 7). Plaintiff asked Mr. Martinez to review the disciplinary audio recording, but Mr. Martinez did not have it. (D.E. 9-1, p. 8). Plaintiff asked Mr. Martinez to retrieve the video surveillance tape from the date of the cell search. Mr. Martinez reported that the TDCJ no longer had it because the retention time had expired, but indicated that he would talk to Mr. Ramming about a subpoena for both the audio and video tapes. (D.E. 9-1, p. 8).

On October 17, 2014, Plaintiff wrote to the Bee County District Attorney, Jose Aliseda, and advised him of what Plaintiff believed to be exculpatory evidence. (D.E. 9-1, p. 1). Defendant Aliseda did not respond to Plaintiff's letter.

On December 12, 2014, Plaintiff received an offer from the Special Prosecution Unit offering a plea agreement in which Plaintiff would serve two years. (D.E. 9-1, p. 13).

In December 2014, Plaintiff wrote to Mr. Ramming rejecting the plea agreement. (D.E. 9-1, pp. 9-10).

On February 10, 2015, Plaintiff received a second plea agreement from the Special Prosecution Unit offering a four-year sentence. (D.E. 9-1, p. 14).

On March 17, 2015, the trial court dismissed the criminal action against Plaintiff. Plaintiff claims the criminal case was dismissed based on violations of the Michael Morton Act[3] because the State had failed to produce exculpatory and analysis information pertaining to the cell phone and this failure to disclose materially prejudiced Plaintiff. (D.E. 10).

On September 11, 2015, Plaintiff was granted parole; however, he is still in custody awaiting release.

## III. LEGAL STANDARD.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski*

---

[3] The Michael Morton Act changed the discovery procedure in Texas state criminal cases and created an ongoing duty of the State, before during and after trial, to disclose any evidence tending to negate the guilt of the defendant or reduce the punishment. The act became effective on January 1, 2014. *See* Michael Morton Act, 83rd Leg., R.S., ch. 49, § 3, 2013 Tex. Sess. Law Serv. 1611 (codified as Tex. Code Crim. Proc. Ann. art. 39.14 (West Supp. 2014)).

*v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

### IV. DISCUSSION.

Plaintiff claims that his constitutional rights were violated: (1) by TDCJ and MCU prison officials because a false disciplinary charge was filed against him, he was found him guilty of that offense, and this caused his parole to be rescinded; (2) by State court prosecutors, investigators, and his defense counsel because they engaged in malicious prosecution and failed to investigate his defenses properly; and (3) by the Texas Board of Pardons and Paroles because they rescinded his parole based on an indictment that was later dismissed. These allegations fail to raise cognizable constitutional claims.

### A. TDCJ and McConnell Unit Officials.

Plaintiff has sued William Stephens, the TDCJ Director, for malicious prosecution, because he "allowed" the MCU officers to charge him with possession of a cellular phone. He has sued all officers involved with the search and disciplinary hearing, Mayer, Strolli, Benavides, and Barber. He has also sued the MCU warden because he "failed to properly supervise staff members," and the MCU grievance investigator because he "failed to properly process Plaintiff's submitted grievance(s); or failed to properly investigate the claims raised…". (D.E. 9, p. 7). He has sued his

counsel substitute, Ms. Bryant because she failed to prevent the malicious prosecution and failed to preserve evidence. (D.E. 9, p. 5).

    *(1)    Supervisory claims.*

It is well established that a prison supervisor cannot be held liable for the misconduct of his or her subordinates. *See Thompkins v. Belt,* 828 F.2d 298, 303 (5th Cir. 1987). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins,* 828 F.2d at 303-04; *see also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations." *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Plaintiff has failed to allege, let alone establish, that there was a pattern or practice of false disciplinary cases being filed against prisoners at the McConnell Unit. His conclusory allegations against Director Stephens and the MCU Warden fail to state a

constitutional claim, and accordingly, it is respectfully recommended that Plaintiff's claims against Director Stephens and the MCU Warden be dismissed with prejudice.

(2)     *Failure to investigate.*

Plaintiff has sued the MCU grievance investigator[4] alleging this individual failed to properly process his grievance(s) and failed to investigate his claims properly. However, this allegation fails to state a constitutional violation because a prisoner has no constitutional right to have his grievances investigated, let alone resolved in his favor. *See Geiger v. Jowers,* 404 F.3d 371, 374 (5th Cir. 2005). It is respectfully recommended that Plaintiff's claim against the MCU grievance investigator be dismissed.

(3)     *Participants in the false disciplinary case.*

Plaintiff claims that Sergeant Mayer and Captain Strolli engaged in false testimony, false documentation, and malicious prosecution when they filed the contraband charge against him. (D.E. 1, p. 3). He claims that Captain Benavidez failed to give him a fair disciplinary hearing. (D.E. 9, p. 5). He claims that Major Barber violated his rights by enforcing the punishment ordered by Captain Benavidez. (D.E. 9, p. 5).

Plaintiff's claims for damages challenging the constitutionality of his disciplinary hearing are barred by the doctrine enunciated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983

---

[4] The MCU grievance investigator was not identified by name by Plaintiff.

9 / 17

plaintiff must prove that the conviction or sentence has been [overturned]." *Heck*, 512 U.S. at 486-87. The Fifth Circuit has explained that "[i]t is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted....'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87). The Heck doctrine also operates to bar prisoners from challenging the punishment imposed by a disciplinary proceeding through a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[plaintiff's] claim for declaratory relief and money damages, based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc) (applying *Heck* to bar plaintiff's constitutional claims that were fundamentally intertwined with his request for restoration of good-time credits).

Plaintiff's disciplinary case was not overturned by direct appeal nor set aside in a habeas corpus proceeding. Although the state court action based on a similar charge was dismissed, it was done so on procedural grounds because the prosecution failed to turn over evidence; there has been no finding that Plaintiff did not possess the cell phone while in TDCJ custody. Because he has not successfully had the disciplinary decision set aside, he cannot pursue damages claims against Mayer, Strolli, Benavides, or Barber. Thus, it is respectfully recommended that Plaintiff's claims against these Defendants be dismissed with prejudice.

(4) *Claims against Counsel Substitute.*

Plaintiff cannot maintain a § 1983 action against Ms. Bryant based on her actions as counsel substitute because she is not a state actor. *See Banuelos v. McFarland,* 41 F.3d 232, 234 (5th Cir. 1995) (counsel substitute does not act under the authority of state law for purposes of § 1983 liability). Thus, it is respectfully recommended that Plaintiff's claims against Ms. Bryant be dismissed.

B. **State Court Defendants.**

Plaintiff objects to the fact that he was prosecuted for a state law felony and has sued all participants involved in that proceeding, including those who were attempting to assist him, such as his defense counsel and the state investigator, Mr. Martinez. First, a malicious prosecution claim does not assert a constitutional violation. *See Castellano v. Fragozo,* 352 F.3d 939, 942 (5th Cir. 2003) (en banc), *cert. denied.* 543 U.S. 808 (2004).

(1) *Prosecutors.*

As to the special prosecutor, Albert Hernandez, and the Bee County District Attorney, these criminal prosecutors enjoy absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the State's case. *Graves v. Hampton*, 1 F.3d 315, 318 (5th Cir. 1993). The Supreme Court has also noted:

> [A]cts undertaken by the prosecutor in preparing for the initiation of judicial proceedings, or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial....

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process. *Graves*, 1 F.3d at 318. This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony. *Id.* at 318, n.9; *see also Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) (concluding that state prosecutors were absolutely immune from a § 1983 action predicated on malicious prosecution), *cert. denied*, 504 U.S. 965 (1992); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.").

Plaintiff is complaining of the actions of Prosecutor Hernandez and D.A. Aliseda solely in their role as state prosecutors within the scope of his criminal trial. Plaintiff fails to allege any facts that would void their immunity, and therefore, Plaintiff's claims against these Defendants should be dismissed as frivolous and for failure to state a claim.

    (2)    *TDCJ Office of the Inspector General Defendants.*[5]

Plaintiff has sued three individuals with the TDCJ OIG alleging that they failed to prevent the malicious prosecution by the State because they failed to investigate the contents of the cellphone, failed to properly document the contents of the cellphone, and failed to properly maintain custody of evidence. By letter dated September 24, 2014, Mr. Ramming informed Plaintiff that Sergeant Mayer alleged that he had seized the cell

---

[5] Plaintiff did not specify in his pleading that the Office of the Inspector General was a division of the TDCJ, however, the address Plaintiff listed in the Complaint is that of the TDCJ-OIG.

phone from Plaintiff and then "dropped the phone into the OIG box." (D.E. 9-1, p. 12). The phone did not have a SIM card, so the OIG was unable to obtain a list of frequently dialed numbers. (D.E. 9-1, p. 12). However, the OIG did retrieve 18 contacts, a text message, and eight videos on the phone's hard drive. (D.E. 9-1, p. 12). The OIG prepared a written report that was 23 pages in length and included an additional four photographs. (*See* D.E. 10, March 17, 2015 Order of Dismissal of Plaintiff's criminal action). The OIG gave the report to the Special Prosecution Unit. (D.E. 10). It was the duty of the Special Prosecution Unit to deliver a complete copy of the report to the defense [Plaintiff], but it failed to do so, and based on this failure, the Bee County District Court dismissed the state felony charges against Plaintiff. (D.E. 10).

Plaintiff offers no evidence, only his conclusory allegations, that OIG Defendants Briones, Bowers, or Offerman failed to investigate properly the contents of the phone or withheld exculpatory evidence. The Bee County District Court made no such finding about the conduct of the OIG or any individual working for the OIG, but found only that the Special Prosecution Unit failed to turn over the evidence, resulting in the charges against Plaintiff being dismissed. (D.E. 10). Plaintiff fails to state a cognizable claim against the OIG Defendants, and it is respectfully recommended that those claims be dismissed with prejudice.

  (3) *Defense counsel and investigator.*

Plaintiff has sued his criminal defense attorney for "not challenging the State's alleged probable cause." Plaintiff's allegations are effectively ineffective assistance of counsel claims. However, Plaintiff's criminal attorneys, whether court-appointed or

retained, are not state actors for purposes of 42 U.S.C. § 1983 liability. *Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988). Thus, Plaintiff fails to state a claim upon which relief can be granted against Defendants Del Toro and Lerma, and these claims are also frivolous. Similarly, the Fifth Circuit has held that state investigators are entitled to absolute immunity because their actions are analogous to public prosecutors and agency officials in the administration adjudication process. *Green v. State Bar of Texas,* 27 F.3d 1083, 1088 (5th Cir. 1994). Therefore, it is respectfully recommended that Plaintiff's claims against Mr. Martinez be dismissed with prejudice as he too, is entitled to absolute immunity.

### C. Parole Board Defendants.

Plaintiff is suing Rissie Owens, a board member on the Texas Board of Pardons and Paroles, for allegedly denying him parole without due process, fraud, and for falsifying documents. (D.E. 1, p. 3). He claims that his Parole Agent, Julie Morales, also denied him parole without due process, falsified documents, and committed fraud. (D.E. 1, p. 4). He is suing two John Doe members of the Parole Board who, in 2014, voted to rescind his parole based on the disciplinary case for possession of a cell phone and the state charges filed against him in Bee County. (D.E. 9, p. 5).

The Texas Board of Pardons and Paroles, a division of the TDCJ, is cloaked with Eleventh Amendment immunity. *McGrew v. Texas Bd. of Pardons and Paroles,* 47 F.3d 158, 161 (5th Cir. 1995). Parole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision making powers. *See Hulsey v. Owens,* 63 F.3d 354, 356 (5th Cir. 1995) (failure to provide timely a copy

of parole-revocation officer's findings is conduct protected by absolute immunity); *Walter v. Torres,* 917 F.2d 1379, 1384 (5th Cir. 1990) (parole members enjoy absolute immunity regarding decisions to grant, deny, or revoke parole, but not as to rule making).

Plaintiff has sued the Parole Defendants on the grounds they wrongfully rescinded his parole based on their consideration of the cell phone incident, and the resulting disciplinary hearing and state court action, despite the fact that the state court action was later dismissed. However, the rescinding of Plaintiff's parole occurred before the dismissal of the state court lawsuit, and the disciplinary action was never reversed. Plaintiff offers no evidence to suggest that any Parole Defendant was acting beyond the scope of his or her Parole Board/Agent duties, and these Defendants are entitled to absolute immunity.[6]

Moreover, to the extent Plaintiff was seeking injunctive relief, his claims are now moot as he testified that he was granted parole in September 2015. Accordingly, it is respectfully recommended that Plaintiff's claims against the Parole Defendants be dismissed with prejudice.

V.   **Recommendation.**

Plaintiffs' allegations, taken as true and in the light most favorable to him, fail to state cognizable constitutional violations under 42 U.S.C. § 1983. Thus, it is respectfully

---

[6] In general, a prisoner-plaintiff's action challenging the *validity* of a parole revocation hearing would be barred by *Heck. Littles,* 68 F.3d at 123. However, even if a complaint is subject to dismissal under *Heck,* it remains appropriate for the district court to resolve the question of immunity before reaching the *Heck* analysis. *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994). This case is somewhat complicated by the fact that there is the July 23, 2012 disciplinary decision that was not set aside, the state court lawsuit was dismissed on procedural grounds, and Plaintiff's parole has now been granted. Plaintiff does not argue that the dismissal of his state criminal action or the granting of parole equals the vacating of an unfavorable decision so as to entitled him to damages under § 1983, and the Court need not reach the issue because the Parole Defendants are clearly entitled to immunity.

recommended that this action be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § § 1915(e)(2) and 1915A(b)(1).  It is further respectfully recommended that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) against this Plaintiff, and should this recommendation be adopted, that a PDF version of this recommendation and Order adopting it be sent via email to Lori Stover, Judicial Assistant for U.S. District Judge Richard A. Schell, at Lori Stover/TXED/05/USCOURTS.

 Respectfully submitted this 9th day of December, 2015.

_____<br>
Jason B. Libby<br>
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).