United States District Court
Southern District of Texas
**ENTERED**
February 24, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ULYSSES A PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-409 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDUM
AND RECOMMENDATION TO DISMISS ACTION**

On December 9, 2015, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation to Dismiss Action (M&R, D.E. 12), recommending that Plaintiff's civil rights action be dismissed upon initial screening. Plaintiff timely filed his Objections (D.E. 15) on December 28, 2015.

First, Plaintiff objects to the M&R's recommendation to dismiss his claims against Warden Jackson and Director Stephens. The M&R, noting that a 42 U.S.C. § 1983 action cannot be predicated on vicarious or respondeat superior liability, held that Plaintiff pled insufficient facts to establish a nexus between those supervisors and any unconstitutional action. Plaintiff's objection persists in making conclusory allegations that are insufficient to sustain a claim against these individuals for their own conduct. Plaintiff's first objection is OVERRULED.

Second, Plaintiff objects to the M&R's recommendation to dismiss his claims against Grievance Investigator Bryant. The M&R based the recommendation on the fact that Plaintiff has no constitutional right to have his grievances investigated. Plaintiff's

1

objection recites conclusory allegations of Bryant's personal wrongdoing and her participation in a conspiracy against him. This objection is insufficient as conclusory and does not overcome the absence of a constitutional right to support his civil rights action. As set out in the M&R, Plaintiff has no constitutional right to the investigation of his grievances. Plaintiff's second objection is OVERRULED.

Third, Plaintiff objects in only the most general of terms to the M&R's failure to acknowledge a pattern of retaliation against him from the facts he alleges. This objection fails to assert with specificity the particular analytical defect in the Magistrate Judge's recommendation. The third objection is factually conclusory, ignores the actual legal bases in the M&R's analysis and is OVERRULED.

Fourth, Plaintiff objects that the M&R requires him to establish a pattern of false disciplinary cases being filed against prisoners as he is only required to show his own entitlement to relief. Plaintiff misunderstands the nature of the M&R's analysis. The need to show a pattern of false disciplinary cases is a requirement of imposing liability against Warden Jackson and Director Stephens for their own deliberate indifference in failing to stop others from taking unconstitutional actions. This is well-settled law. *See Rios v. City of Del Rio*, 444 F.3d 417, 427 (5th Cir. 2006). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Plaintiff's fourth objection is OVERRULED.

Fifth, Plaintiff objects to the M&R's recommendation to dismiss his claims against Sergeant Mayer, Captain Strolli, Captain Benavidez, and Major Barber. He asserts that the M&R's treatment of the requirements of *Heck v. Humphrey*, 512 U.S. 477, 485 (1994) is improper because the state felony prosecution against him was dismissed,

sufficiently exonerating him.  Plaintiff is incorrect.  The state law dismissal was not a merits-based decision and did nothing to demonstrate that Plaintiff was "not guilty" of the possession of contraband.  The disciplinary conviction that did address the merits of the allegations against him has not been overturned.  Therefore, Plaintiff cannot collaterally attack that disciplinary conviction in a civil suit.  *Id.*  Plaintiff's fifth objection is OVERRULED.

Sixth, Plaintiff objects to the M&R's recommendation to dismiss his claims against Warden Jackson and Director Stephens because they failed to stop the alleged retaliation when they had the power to do so.  Once again, Plaintiff is incorrect because the law requires that a disciplinary conviction that is alleged to be entirely retaliatory be overturned before the prisoner may complain about the conduct leading up to the conviction.  *See Heck*, 512 U.S. at 477.  Plaintiff's sixth objection is OVERRULED.

Seventh, Plaintiff objects to the M&R's recommendation to dismiss his malicious prosecution claims against his own defense counsel, Temple Ramming and Mr. Martinez. Plaintiff argues that the consequence of the prosecution was the deprivation of his liberty—a matter of constitutional magnitude.  Also, citing *Ramos v. Puerto Rico Police Dept.*, 392 F. Supp. 2d 167 (D. Puerto Rico 2005), he asserts that his counsel were state actors.  Plaintiff confuses the defense of the state prosecution with his conviction on the disciplinary charge and cannot mix and match cause and effect to manufacture a claim. He also appears to suggest that his complaints regarding the quality of his defense transformed his defense counsel into prosecutors, making them state actors.  Plaintiff

recites no legal basis for re-casting his counsel in this manner. Plaintiff's seventh objection is OVERRULED.

Eighth, Plaintiff objects to the M&R's recommendation to dismiss his claims against the state prosecutors. He argues that they do not have absolute immunity when they knew no phone existed and they withheld exculpatory evidence. The Magistrate Judge explained that these allegations do not pierce the prosecutors' absolute immunity. Plaintiff's citation of *Quartararo v. Catterson*, 917 F. Supp. 919 (E.D.N.Y. 1996) and *Canell v. Oregon Dept. of Justice*, 811 F. Supp. 546 (D. Ore. 1993) does not change the analysis or conclusion.

The *Quartararo* court engaged in a lengthy discussion of the application of absolute immunity to prosecutors and parole boards. It concluded that absolute immunity bars a §1983 claim against both with respect to their ordinary functions. While Plaintiff intimates that the Defendant prosecutors here were acting outside of their ordinary prosecutorial functions when they withheld evidence, nothing in *Quartararo* supports that argument. Instead, that conduct falls within the prosecutors' development of the case for trial and *Quartararo* supports application of absolute immunity in that realm. *Quartararo* at 951.

In *Canell*, Oregon Department of Justice lawyers initiated civil collection efforts to offset the prisoner's damage award received in connection with a § 1983 judgment against debts the prisoner owed to the state. The action had the effect of exceeding the state's limits on how much could be taken from a prisoner's trust account in one month and the prisoner alleged that the action was taken in retaliation for his § 1983 success.

4

The *Canell* court held that the absolute immunity enjoyed by state lawyers acting as criminal prosecutors did not apply to government lawyers initiating civil actions and it declined to extend such immunity in the face of a constitutional claim. Nothing about the *Canell* opinion disturbs the absolute immunity afforded to prosecutors in connection with their criminal cases.

Here, as demonstrated by the Magistrate Judge, Plaintiff's complaint relates to conduct taken in connection with the criminal prosecution. Plaintiff has not overcome the absolute immunity applicable to that conduct. Plaintiff's eighth objection is OVERRULED.

Ninth, Plaintiff objects to the M&R's recommendation to dismiss his claims against the Office of Inspector General Defendants, Briones, Bowers, and Offerman, because they delayed the state prosecution until exculpatory evidence could be destroyed pursuant to TDCJ record retention policies. Plaintiff defends the conclusory nature of his allegations as necessary at this stage of the proceedings. Plaintiff's suggestion that exculpatory evidence was destroyed is speculative, both with respect to whether any evidence was destroyed and whether it would have been exculpatory. Continuing these proceedings holds no promise of revealing what might have been contained in any evidence allegedly destroyed as a result of the passage of time. Plaintiff fails to brief any authority for the proposition that a civil rights action under § 1983 can be predicated on this type of delay in the prosecution. Plaintiff's ninth objection is OVERRULED.

Tenth, Plaintiff objects to the M&R's recommendation to dismiss his claims against the Parole Board and Parole Division Defendants. He suggests that their conduct

5

did not involve judicial or quasi-judicial functions. He cites *Stewart v. Lattanzi*, 832 F.2d 12 (2d Cir. 1987) (per curiam) and *Quartararo v. Catterson*, 917 F. Supp. 919 (E.D.N.Y. 1996) for the proposition that a factual inquiry is required.

In *Stewart*, the prisoner alleged that the parole officer gave false accusations and testimony in the parole revocation proceeding. The court held that a factual inquiry was required to determine if the defendants were acting in a judicial or executive or administrative capacity. Here, Plaintiff's claims go to the Parole Board's judicial function and related conduct. Where the fact allegations are inadequate to trigger a claim outside of the judicial function of the parole board, no factual inquiry is required. As noted above, *Quartararo* actually supports the M&R's conclusion that parole boards conduct judicial functions and exercise important discretion sufficient to justify the application of absolute immunity. Plaintiff's tenth objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's Objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's Complaint (D.E. 1) is **DISMISSED WITH PREJUDICE**. The Court further **ORDERS** that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) against this Plaintiff, and that a PDF version of the Magistrate Judge's recommendation and this Order adopting it be sent

via email to Lori Stover, Judicial Assistant for U.S. District Judge Richard A. Schell, at Lori Stover/TXED/05/USCOURTS.

    ORDERED this 24th day of February, 2016.

                                                   _____
                                                   NELVA GONZALES RAMOS
                                                   UNITED STATES DISTRICT JUDGE