United States District Court
Southern District of Texas
**ENTERED**
April 08, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ULYSSES A PEREZ, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-409 |
| | § | |
| WILLIAM STEPHENS, *et al*, | § | |
| | § | |
| Defendants. | § | |

### ORDER DENYING MOTION FOR
### TRANSCRIPTS AT GOVERNMENT EXPENSE

Plaintiff-appellant is a Texas inmate appearing *pro se* in this civil rights action. Final judgment was entered on February 24, 2016, dismissing plaintiff's case with prejudice. (D.E. 18). Plaintiff filed a notice of appeal and has been granted leave to proceed *in forma pauperis* on appeal. (D.E. 20, 26). Pending is plaintiff's motion for transcripts at government expense. (D.E. 23). A plaintiff in a civil proceeding may obtain a transcript at government expense under 28 U.S.C. § 753(f) if: (1) he is permitted to proceed *in forma pauperis*; (2) moves for a transcript; and (3) demonstrates the appeal "is not frivolous (but presents a substantial question)." To date, plaintiff has not demonstrated why the transcript is necessary for disposition of his appeal. 28 U.S.C. § 753(f); *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997)("[A] party must also show why the transcripts are necessary for proper disposition of his appeal.").

Plaintiff's case was subject to screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A and was dismissed with prejudice as frivolous, failing to state a claim upon which

relief can be granted and for seeking monetary relief from defendants immune from such relief. (D.E. 12, 17, 18). The only testimony was the information plaintiff provided about his case during a telephonic *Spears*[1] hearing on October 21, 2015. Plaintiff was the only witness and he is familiar with the testimony he provided about his case. The reasons for the dismissal are set forth in the undersigned Magistrate Judge's Order of Dismissal and the District Judge's Order Adopting the Memorandum and Recommendation which have been provided to plaintiff. Plaintiff has not established why his own testimony is necessary for the disposition of his appeal. Plaintiff has further failed to establish why his appeal is not frivolous.

Therefore, plaintiff's Motion for Transcripts at Government Expense (D.E. 23) is **DENIED**.

To the extent plaintiff is moving this Court to grant an extension to obtain the transcripts, that request is **DENIED without prejudice.** Any requests or motions for continuance regarding matters of the appeal should be filed with the Fifth Circuit Court of Appeals.

ORDERED this 7th day of April, 2016.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996)(stating that testimony given at a *Spears* hearing is incorporated into the pleadings).